IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

         Plaintiff,         No. CIV S-10-2530 LKK EFB PS

    vs.

CALIFORNIA JUDICIAL COUNCIL;
SACRAMENTO COUNTY SUPERIOR
COURT;

         Defendants.         <u>ORDER TO SHOW CAUSE</u>
_____/

       This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 20, 2010, plaintiff filed a complaint in this action and paid the filing fee. Dckt. No. 1. The same day, the court issued its initial scheduling order. Dckt. No. 3. That order directed plaintiff to complete service of process within 120 days (*see* Federal Rule of Civil Procedure ("Rule") 4(m)), and set a scheduling conference for January 26, 2011. *Id.* The order further directed the parties to file status reports no later than fourteen days prior to the January 26, 2011 scheduling conference (or by January 12, 2011), and cautioned the parties that failure to obey the federal or local rules or orders of the court could result in sanctions, including a recommendation that the case be dismissed. *Id.*

////

1

The court file reveals that plaintiff has not filed a status report, as required by the September 20, 2010 order, and that plaintiff has not yet effected service of process on defendants. Accordingly, the status conference will be continued and plaintiff will be ordered to show cause why this case should not be dismissed for failure to follow court orders and for failure to effect service of process within the time prescribed by Rule 4(m). Fed. R. Civ. P. 4(m); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Failure to timely comply with this order may result in sanctions, including a recommendation that this action be dismissed for lack of prosecution.

Accordingly, IT IS HEREBY ORDERED that:

1. The status conference currently scheduled for January 26, 2011, is continued to March 30, 2011, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiff shall show cause, in writing, on or before March 16, 2011, why sanctions should not be imposed for failure to follow court orders and, if service was not effected by January 18, 2011, for failure to effect service of process within the time prescribed by Rule 4(m).

3. Also by March 16, 2011, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's September 20, 2010 order, including the status of service of process.

////
////
////
////

    4.  Failure of plaintiff to comply with this order may result in a recommendation that this action be dismissed for failure to follow court orders, for failure to effect service of process within the time prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b).

SO ORDERED.

DATED: January 18, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE