IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

          Plaintiff,          No. CIV S-10-2530 LKK EFB PS

    vs.

CALIFORNIA JUDICIAL COUNCIL;
SACRAMENTO COUNTY SUPERIOR
COURT;

          Defendants.         <u>ORDER</u>
_____/

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). A status (pretrial scheduling) conference is currently scheduled for April 20, 2011. Dckt. Nos. 7, 10, 13. On March 10, 2011, plaintiff filed a "Notice of Filing Bankruptcy," indicating that an involuntary Chapter 7 bankruptcy petition was filed against him.[1] Dckt. No. 12. Therefore, on March 16, 2011, the undersigned ordered plaintiff to file a brief indicating whether this case should be stayed pursuant to the automatic bankruptcy stay, 11 U.S.C. § 362, and/or whether plaintiff has standing to bring this action in light of the pending bankruptcy. Dckt. No. 13. The undersigned also provided defendants

---

[1] On April 6, 2011, plaintiff also filed a second "Notice of Filing Bankruptcy," indicating that he filed a voluntary bankruptcy petition on April 1, 2011. Dckt. No. 15.

1

and/or lien holders an opportunity to file such a brief and/or a response to plaintiff's brief. *Id.*

Plaintiff filed a response to the March 16 order, indicating that because of the pending bankruptcy action this case should be stayed and plaintiff lacks standing to bring this action. Dckt. No. 14. Defendants also filed a response to the March 16 order, arguing that this case should be dismissed based on plaintiff's lack of standing. Dckt. No. 16.

As all parties acknowledge, because of the pending bankruptcy actions, plaintiff does not have standing to proceed in the action. Upon a declaration of bankruptcy, all of the debtor's legal or equitable interests in property become the property of the bankruptcy estate. *Manlangit v. Nat'l City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)). This includes causes of action. *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D. Haw. 1996). Therefore, "a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims" or the claims are exempt from the bankruptcy estate. *Manlangit*, 2010 WL 2044687, at *1 (citing *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th Cir. 1992)); *Rowland*, 949 F. Supp. at 1453.

Here, plaintiff has not indicated that the bankruptcy trustee(s) has/have abandoned the claims against defendants or that this action is exempt from or should be excluded from the bankruptcy estate(s); in fact, plaintiff concedes that he lacks standing to bring this action. Therefore, plaintiff and/or the bankruptcy trustee(s) will be required to substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). If plaintiff and the bankruptcy trustee(s)

1  fail to do so, the undersigned will recommend that this action be dismissed with prejudice.

2  Accordingly, IT IS HEREBY ORDERED that:

3  1. On or before April 29, 2011, plaintiff and/or the bankruptcy trustee(s) shall substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).

6  2. If plaintiff and the bankruptcy trustee(s) fail to comply with the Rule 17 requirements on or before April 29, 2011, the undersigned will recommend that this action be dismissed with prejudice.

9  3. The April 20, 2011 status (pretrial scheduling) conference is continued to May 25, 2011 at 10:00 a.m. in Courtroom No. 24.  Because the parties filed a joint status report on February 22, 2011, Dckt. No. 11, no further status report need be filed.

12  4. Within five days of the date this order is filed, plaintiff shall serve a copy of this order on the bankruptcy trustee(s) and shall file a proof of such service.

DATED: April 14, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3