IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

         Plaintiff,                    No. CIV S-10-2530 LKK EFB PS

     vs.

CALIFORNIA JUDICIAL COUNCIL;
SACRAMENTO COUNTY SUPERIOR
COURT;

         Defendants.          <u>ORDER</u>
_____/

     This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). On March 10, 2011, plaintiff filed a "Notice of Filing Bankruptcy," indicating that an involuntary Chapter 7 bankruptcy petition was filed against him.[1] Dckt. No. 12. Therefore, on March 16, 2011, the undersigned ordered plaintiff to file a brief indicating whether this case should be stayed pursuant to the automatic bankruptcy stay, 11 U.S.C. § 362, and/or whether plaintiff has standing to bring this action in light of the pending bankruptcy. Dckt. No. 13. The undersigned also provided defendants and/or lien holders an opportunity to file such a brief and/or a response to plaintiff's brief. *Id.*

////

---

[1] On April 6, 2011, plaintiff also filed a second "Notice of Filing Bankruptcy," indicating that he filed a voluntary bankruptcy petition on April 1, 2011. Dckt. No. 15.

Plaintiff and defendants each filed responses to the March 16 order. Dckt. Nos. 14, 16. Thereafter, on April 14, 2011, the undersigned issued an order noting that "because of the pending bankruptcy actions, plaintiff does not have standing to proceed in the action" and that "plaintiff has not indicated that the bankruptcy trustee(s) has/have abandoned the claims against defendants or that this action is exempt from or should be excluded from the bankruptcy estate(s)." Dckt. No. 17 at 3. The court therefore ordered plaintiff and/or the bankruptcy trustee(s) to substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3) on or before April 29, 2011. *Id.* at 4. The order provided that "[i]f plaintiff and the bankruptcy trustee(s) fail to comply with the Rule 17 requirements on or before April 29, 2011, the undersigned will recommend that this action be dismissed with prejudice." *Id.*

On April 29, 2011, Alan S. Fukushima, who has been appointed the Chapter 7 Bankruptcy Trustee in plaintiff's involuntary bankruptcy case, filed a response to the April 14 order. Dckt. No. 18. Mr. Fukushima notes that motions to dismiss are currently pending in both the involuntary and voluntary bankruptcy cases and contends that, until those matters are resolved, "since the Involuntary Bankruptcy Case was filed first and an order for relief has been entered in that case, the claims that [plaintiff] is asserting in the instant case are property of the bankruptcy estate in the Involuntary Bankruptcy Case and Mr. Fukushima has the sole authority to prosecute those claims." *Id.* at 2. However, Mr. Fukushima contends that "it is unknown whether [plaintiff] (who is represented by counsel in the Voluntary Bankruptcy Case) or the Chapter 7 Trustee in the Voluntary Case will dispute that," and notes that if so, "that issue will need to be resolved, presumably by the Bankruptcy Court." *Id.*

Mr. Fukushima notes that he has applied for employment of general counsel in the involuntary bankruptcy case and contends that special litigation counsel will also need to be located to represent the bankruptcy estate in prosecuting the instant lawsuit (and others). *Id.* at 3. He contends that once special counsel is located, he anticipates "it will take approximately 60

2

days to obtain an order authorizing employment of special counsel, for special counsel to become reasonably familiar with the facts and circumstances of the lawsuits, and for decisions to be made as to the further prosecution of the lawsuits." *Id.* Accordingly, Mr. Fukushima "requests that the Court allow him a reasonable amount of time, not less than 60 days, for these purposes and that the Court grant such other and further relief as is appropriate." *Id.*

The undersigned construes Mr. Fukushima's response as a request for a continuance of the deadline for Rule 17 substitution, joinder, and/or ratification, as required by the April 14 order. Based on Mr. Fukushima's representations regarding the numerous matters that must be resolved before such substitution, joinder, and/or ratification may occur, the request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The request by the Chapter 7 trustee in plaintiff's involuntary bankruptcy case, Alan Fukushima, for a continuance of the deadline for Rule 17 substitution, joinder, and/or ratification is granted. *See* Dckt. No. 18.

2. On or before August 3, 2011, plaintiff and/or the bankruptcy trustee(s) shall substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).

3. If plaintiff and the bankruptcy trustee(s) fail to comply with the Rule 17 requirements on or before August 3, 2011, the undersigned will recommend that this action be dismissed with prejudice.

4. The status (pretrial scheduling) conference currently set for hearing on May 25, 2011 is continued to October 19, 2011 at 10:00 a.m. in Courtroom No. 24. Although the parties filed a joint status report on February 22, 2011, Dckt. No. 11, further status reports shall be filed on or before October 5, 2011.

////

////

5. Within five days of the date this order is filed, plaintiff shall serve a copy of this order on the bankruptcy trustee in plaintiff's Voluntary Bankruptcy Case and shall file a proof of such service.

DATED: May 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE